[Civ. No. 9203. Second Appellate District, Division Two.—April 9, 1935.]

HARTFORD ACCIDENT & INDEMNITY COMPANY (a Corporation), Appellant, v. NORMAN F. SPRAGUE, Respondent.

George L. Greer and Horace W. Danforth for Appellant.

W. I. Gilbert and Mills, Hunter & Dunn for Respondent.

FRICKE, J., *pro tem.*—Appeal from a judgment following the granting of a motion for nonsuit in an action for damages.

One Edward Trueman, in arising from his desk, struck his left groin against a projecting portion of the desk, injuring himself so that he went home and to bed and a week later was taken to a hospital, where his condition was diagnosed by respondent, a physician and surgeon, as "an abscess at the upper end of the popliteal space toward the inner side of the thigh", and an operation at the knee was performed. A little over two weeks later Trueman, at the instance of appellant, the compensation carrier of Trueman's employer, was removed to another hospital and placed under the care of another physician. Appellant brought this action, claiming that respondent's treatment of Trueman was so unskillful and negligent that the latter was permanently crippled, to his damage in the sum of $20,000, and that appellant had been compelled to pay $1639.75 for treatment and care and $898.20 for compensation. The action is upon

the theory that respondent is liable, by reason of improper treatment given, for the difference between what appellant actually paid and the lesser sum which it would have paid had such treatment by respondent been proper.

Respondent's brief calls attention to the fact that while the injury suffered by Trueman (the only injury shown which might be said to have been suffered in and arising out of the course of his employment) was an injury to the groin, the alleged malpractice involved the treatment of an abscessed condition in the region of the knee. Appellant has not pointed out any causal connection between the injury to the groin and the infection at the knee. As compensation carrier, appellant is concerned only with a liability for the results of the injury to the groin. Any action for damages arising out of the alleged improper treatment of the infection at the knee, not appearing in any way to be connected with the injury to the groin, would be one which Trueman might bring but one as to which appellant is a total stranger. We cannot assume that the infection at the knee was caused by the injury to the groin, and in the failure of proof of this fact appellant has failed to show any basis for a recovery.

Appellant also claims error of the court in rejecting evidence tending to prove that with proper care appellant's liability for hospital and medical care would not have exceeded three hundred dollars. The record fails to support this contention, but does show that appellant's counsel made an offer of proof to the effect above stated, following which there was a discussion back and forth between counsel with an occasional remark by the court and, without securing any ruling from the court, counsel proceeded with the introduction of certain documentary evidence. It therefore appears that the court made no ruling and that the proffered evidence was not excluded.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 6, 1935.